```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**JACQUIN CLIFFORD, *et al.*,**

        Plaintiffs,

  vs.                            Civil Action 2:13-cv-853
                                   Judge Watson
                                   Magistrate Judge King

**CHURCH MUTUAL INSURANCE COMPANY,**

        Defendant.

## REPORT AND RECOMMENDATION

On August 31, 2012, and following a jury trial in the Court of Common Pleas for Licking County, Ohio, final judgment for approximately $4.35 million in damages was entered against Lonnie J. Aleshire Jr., and in favor of plaintiffs Jacquin Clifford, Sandra Whitman, Joanna Cottrell, and Thomas Cottrell (hereinafter "plaintiffs") on their claims of assault, battery, intentional infliction of emotional distress, false imprisonment, and loss of consortium. *Jacquin Clifford, et al. v. Lonnie Aleshire, Jr.*, Case No. 10CV0933, attached as *Exhibit A* to *Complaint*, Doc. No. 4.[1] Plaintiffs thereafter instituted a separate action in the Court of Common Pleas for Licking County, Ohio, pursuant to O.R.C. §§ 2721.02(B) and 3929.06, seeking a declaratory judgment that insurance policies issued by defendant Church Mutual Insurance Company cover an injury or loss allegedly caused by defendant's insured, Lonnie J.

---

[1] The original document filed in the state court action that was removed to this Court is captioned "*Supplemental Complaint.*" This Court will refer to that pleading as the *Complaint*.

Aleshire Jr., and as reflected in the money judgment obtained by plaintiffs against the insured. *Jacquin Clifford fka Cottrell, et al. v. Church Mutual Insurance Company*, Case No. 13CV0736. Defendant removed the action to this Court on August 29, 2013, as one arising under the Court's diversity jurisdiction. *Notice of Removal*, Doc. No. 1. This matter is now before the Court for consideration of *Plaintiffs' Motion to Remand to State Court* ("*Plaintiffs' Motion*"), Doc. No. 9. *See Order*, Doc. No. 18.

The parties do not disagree that this Court is vested with diversity jurisdiction under 28 U.S.C. § 1332: the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. *See Notice of Removal*, p. 2; *Complaint*, pp. 1, 14; *Plaintiffs' Motion*, p. 5.  Plaintiffs argue, however, that this Court should, in the exercise of its discretion, decline to entertain jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.  Defendant opposes *Plaintiffs' Motion*. *Defendant Church Mutual Insurance Company's Memorandum Opposing Plaintiffs' Motion to Remand*, Doc. No. 13.  Plaintiffs have filed a reply. *Plaintiffs' Reply Memorandum in Support of Their Motion to Remand to State Court* ("*Plaintiffs' Reply*"), Doc. No. 14.  This matter is now ripe for consideration.

The Declaratory Judgment Act provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act confers

jurisdiction, but does not compel its exercise. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 221 (1995) (citing *Brillhart*, 316 U.S. 491). In determining whether to exercise jurisdiction, a court should consider "whether 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' and whether 'it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991) (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990); *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). "[W]hen neither of these results can be accomplished, the court should decline to render the declaration prayed." *Grand Trunk*, 746 F.2d at 326.

The United States Court of Appeals for the Sixth Circuit has established a five-part test to assist district courts in determining whether to exercise jurisdiction over a declaratory action:

> (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

3

>     (5) whether there is an alternative remedy which is better
>     or more effective.

*Id.* (quotations omitted, formatting altered). *See also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008); *Omaha Prop.*, 923 F.2d at 448.

In seeking remand of this action, plaintiffs do not refer to a single case that is analogous to the case presently before the Court. Rather, nearly every case cited by plaintiffs addresses the exercise of jurisdiction by a federal court when a related action remains pending in state court. *See Flowers*, 513 F.3d 546; *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266 (6th Cir. 2007); *W. Am. Ins. Co. v. Prewitt*, 208 F. App'x 393, 396 (6th Cir. 2006); *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 814-15 (6th Cir. 2004); *Guaranty Nat'l Ins. Co. v. Cain*, Nos. 94-5904, 94-5905, 1996 U.S. App. LEXIS 5495 (6th Cir. Feb. 8, 1996); *Omaha Prop.*, 923 F.2d 446; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273; *Allstate Ins. Co. v. Green*, 825 F.2d 1061 (6th Cir. 1987); *Am. Home Assurance Co. v. Evans*, 791 F.2d 61 (6th Cir. 1986); *Grand Trunk*, 746 F.2d 323; *Hartford Cas. Ins. Co. v. Bluemile, Inc.*, 930 F. Supp. 2d 920 (S.D. Ohio 2013). *Cf. Wilton*, 515 U.S. 277 (applying a discretionary standard to a district court's decision to stay a declaratory action during the pendency of parallel state court proceedings, but expressly declining to address "cases in which there are no parallel state proceedings"). However, the case presently before the Court was not initiated by the defendant insurer; moreover, there is no related action pending in the state court. *See*

4

*Plaintiffs' Motion*, p. 8 ("Here, there is not a separate underlying state action currently pending . . . ."). Although the absence of a parallel state court action is not dispositive, the Court finds that fact significant because the absence of a pending state court action eliminates many of the traditional concerns arising out of the exercise of jurisdiction over a declaratory action involving an insurance coverage dispute.

In the absence of a pending state court action, this action is properly characterized as an "independent dispute." *Cf. Grand Trunk*, 746 F.2d at 326 ("The instant action does not involve an independent dispute because it arises from and affects a pending Illinois lawsuit."). Under these circumstances, there are no factual or legal issues already under consideration by a state court, nor is there a risk of "inconsistent rulings" by two different courts. *See Bituminous*, 373 F.3d at 813-14. It is therefore unnecessary for this Court to consider "the effect of our ruling[s] on [a parallel] proceeding" or whether this action would "clear up the legal issues" in the parallel preceding. *See id*. The only controversy between the parties is the issue of insurance coverage, *i.e.,* whether policies of insurance issued by defendant cover losses and injuries allegedly sustained by plaintiffs. The declaratory action will resolve this controversy. The first *Grand Trunk* factor therefore militates in favor of the exercise of jurisdiction. *See Flowers*, 513 F.3d at 556. *Cf. Travelers Indem. Co.*, 495 F.3d at 272 ("The district court's decision could not settle the controversy in the underlying state

5

court litigation; thus, the first factor favors the court not exercising jurisdiction.").

The second factor to consider is whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue. *Grand Trunk*, 746 F.2d at 326. The second factor is "closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557 (citing *Travelers Indem. Co.*, 495 F.3d at 271-72). "[I]t is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Id*. (citing *Bituminous,* 373 F.3d at 814; *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454 (6th Cir. 2003)). The concept of "legal relations in issue" refers only to "whether a federal declaratory judgment will clarify the legal relationships presented to the district court;" the second factor is not concerned with whether the federal declaratory action will "clarify the legal relations in the underlying state action." *Id*. (resolving a circuit "split . . . concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action."). *But see Travelers Indem. Co.*, 495 F.3d at 272 (Although a declaratory judgment would "clarify the legal relationship between [the insurer and the insured] pursuant to the insurance contracts, the judgment would not clarify the legal relationship between [the parties] in the underlying state action."). Nevertheless, it is proper to consider whether this Court's decision will "create any confusion about the resolution of

6

[the legal relationships at issue in the state court action]." *See Flowers*, 513 F.3d at 557. Consideration of this factor militates in favor of this Court's exercise of jurisdiction. The only legal relations in issue are those presently before the Court pertaining to insurance coverage. Indeed, there is no pending state court action to consider, so there is no risk of confusion about the legal relationships at issue in a state court action.

Plaintiffs apparently concede that the declaratory judgment sought in the *Complaint* would settle the controversy and clarify the legal relations in issue. *See Plaintiffs' Motion*, pp. 8 ("[T]his Court may be able to settle the controversy between Plaintiffs and Defendant . . . ."), 9 ("[T]his Court may clarify the legal relations between Plaintiffs and Defendant . . . "); *Plaintiffs' Reply*, p. 9 ("This Court may clarify the legal relations between Plaintiffs and Defendant . . . ."). Plaintiffs argue, however, that the first two *Grand Trunk* factors weigh against this Court's exercise of jurisdiction because "the state court is in a better position to decide the legal relationship between the parties as it is familiar with the factual and procedural history of the underlying case, and is in a better position to decide questions of insurance coverage." *Plaintiffs' Reply*, p. 9. Plaintiffs' arguments in this regard relate to whether it is the state court or the federal court that is better positioned to evaluate the factual issues in the case; the Court will address that argument in its consideration of the fourth *Grand Trunk* factor.

The third *Grand Trunk* factor requires consideration of whether

7

the declaratory remedy is being misused merely for the purpose of procedural fencing or to provide an arena for a race to the target of *res judicata*. *Grand Trunk*, 746 F.2d at 326. Again, the absence of a pending parallel state court action eliminates this risk. Consideration of this factor militates in favor of the exercise of jurisdiction by this Court.

Under the fourth *Grand Trunk* factor, a court must consider whether its exercise of jurisdiction would increase friction between federal and state courts and improperly encroach upon state jurisdiction. *Id*. In making this determination, a federal court should consider three additional sub-factors:

> 1. whether the underlying factual issues are important to an informed resolution of the case;
>
> 2. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> 3. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers*, 513 F.3d at 560 (quoting *Bituminous*, 373 F.3d at 814-15).

"The first of these sub-factors focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id*. This is not a case where complex factual issues are yet to be developed in a state court proceeding. Indeed, the absence of a pending parallel state court action eliminates the possibility that the resolution of factual issues by a state court will impact this Court's judgment. Likewise, there is no risk that "similar factual

8

issues concerning liability and coverage will be resolved inconsistently." *See Omaha Prop.*, 923 F.2d at 447.  The state court's judgment in the underlying tort action is now final; there is no suggestion that resolution of the case presently before this Court will undermine the finality of that judgment. Plaintiffs argue that the state court is in a better position to determine the "factual issues because of the state court's involvement with the facts of this case since 2007." *Plaintiffs' Motion*, p. 6.  Plaintiffs have not, however, identified any issue of fact found in the prior state court action that cannot be appropriately observed by this Court.  Moreover, the issue of insurance coverage – the issue presented in this action – was not resolved by the state court in the underlying tort action. The first sub-factor therefore weighs in favor of this Court's exercise of jurisdiction.

"The second sub-factor focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560.  This action will require a court to interpret an insurance contract by reference to state law. However, plaintiffs do not suggest that this case presents a question of unresolved state law that should be reserved for state court determination. *See Bituminous*, 373 F.3d at 815-16 ("Where[,] as here, there are two potential unresolved questions of state law concerning state regulated insurance contracts, this consideration weighs against exercising jurisdiction."); *Omaha Prop.*, 923 F.2d at 448 ("For the federal courts to preempt the right of the state court to rule on a previously undetermined question of state law, more must be present

9

than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing the federal court to rule first."); *Travelers Indem. Co.*, 495 F.3d at 272-73. The Court therefore concludes that the second sub-factor militates in favor of this Court's exercise of jurisdiction. *See Northland Ins. Co.*, 327 F.3d at 454 (when an insurance company "[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity."); *Flowers*, 513 F.3d at 560 ("This consideration [*i.e.*, the existence of a novel question of state law] appears to have less force when the state law is clear and when the state court is not considering the issues.").

"The final sub-factor focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. This case was removed to this Court as a diversity action; it does not appear that federal common law or federal statutory law will apply to the substantive issues of the case. Because Ohio law will presumably control the resolution of the issues presented in the case, it may be argued that an Ohio court is in a better position to apply and interpret its own law. *See Travelers Indem. Co.*, 495 F.3d at 272 ("However because Kentucky law is controlling, we conclude that Kentucky courts are in the better position to apply and interpret its law on these issues."); *Bituminous*, 373 F.3d at 815 ("[I]ssue[s] of [] insurance contract interpretation are questions of state law with

10

which the Kentucky state courts are more familiar and, therefore, better able to resolve."). The United States Court of Appeals for the Sixth Circuit has also recognized that "'[s]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Travelers Indem. Co.*, 495 F.3d at 273 (internal quotations omitted) (quoting *Bituminous*, 373 F.3d at 815). Consideration of this sub-factor therefore militates against the exercise of jurisdiction by this Court.

However, considering the totality of these sub-factors, the Court concludes that the fourth *Grand Trunk* factor is essentially neutral on the matter of jurisdiction. There is no indication that the exercise of jurisdiction by this Court would improperly encroach upon state jurisdiction and there is little risk of increasing friction between federal and state courts.

The final *Grand Trunk* factor requires consideration of whether a better or more effective alternative remedy exists. *Grand Trunk*, 746 F.2d at 326. This case was removed from the Court of Common Pleas for Licking County, Ohio. That court certainly presents an available alternative remedy to that offered by this Court. *See O.R.C.* § 3929.06. The availability of this state court remedy militates against the exercise of jurisdiction by this Court. *See Flowers*, 513 F.3d at 561-63; *Travelers Indem. Co.,* 495 F.3d at 273 (finding that the alternative remedies of a state declaratory judgment or indemnity action weighed against federal discretionary jurisdiction); *Bituminous,* 373 F.3d at 815 (finding that plaintiff "could have

11

presented its case to the same court that will decide the underlying tort action" and that "a superior alternative remedy exists in the form of an indemnity action filed at the conclusion of the underlying state action"). *But see Northland Ins. Co.*, 327 F.3d at 448 ("[I]ntervening in the state court action would not necessarily have provided a better or more effective alternative remedy.").

In sum, the first three *Grand Trunk* factors militate in favor of this Court's exercise of jurisdiction, the fourth factor is essentially neutral, and the fifth factor militates against the exercise of jurisdiction. Under the circumstances, the Court concludes that its discretion is better exercised in entertaining the claims and issues presented in this action. *See Flowers*, 513 F.3d at 563 ("As with our other balancing tests, we have never indicated how these *Grand Trunk* factors should be balanced when reviewing a district court's decision for abuse of discretion."). As discussed *supra*, the absence of a pending parallel state court action minimizes many of the traditional concerns associated with the exercise of federal jurisdiction in a declaratory action involving an insurance coverage dispute. The Court also finds it significant that defendant Church Mutual Insurance Company was not a party to the prior related state court action and, although the state court may very well be familiar with the facts underlying plaintiffs' money judgment against Lonnie J. Aleshire Jr., the prior action did not address the issue of insurance coverage that is currently before this Court. Finally, the declaratory action in this case can settle the controversy and serve a useful purpose in clarifying the legal relations in issue.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion to Remand to State Court*, Doc. No. 9, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


November 27, 2013                              *s/Norah McCann King*
                                               Norah M$^c$Cann King
                                         United States Magistrate Judge