**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Jacquin Clifford, *formerly known as*
Cottrell, *et al.*,

   **Plaintiffs,**

v.

Church Mutual Insurance
Company,

   **Defendant.**

Case No. 2:13–cv–853

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiffs obtained a state court judgment against Lonnie J. Aleshire, Jr. ("Aleshire") for damages in the amount of about $4.35 million. Plaintiffs then filed a separate declaratory judgment action against Defendant in state court seeking a declaration that insurance policies that Defendant issued to Licking Baptist Church ("LBC") cover the injuries Aleshire inflicted because they occured when he was acting as an associate pastor for LBC. Defendant removed the declaratory judgement action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Although the parties agree the requirements for diversity jurisdiction are met, Plaintiffs move to remand the case to state court, arguing that the Court should exercise its discretion to decline jurisdiction. ECF No. 9.

The Magistrate Judge issued a report and recommendation ("R&R") on November 27, 2013, recommending that the Court deny Plaintiffs' remand motion. ECF No. 19. Plaintiffs filed a timely objection. ECF No. 20. For the reasons that follow, the Court overrules Plaintiffs' objection, adopts the R&R, and denies Plaintiffs' motion to remand.

## I. BACKGROUND

Plaintiffs Jacquin Clifford, Sandra Whitman, Joanna Cottrell, and Thomas Cottrell ("Plaintiffs") are individual citizens of the State of Ohio. Defendant Church Mutual Insurance Company ("CMI") is a Wisconsin corporation with a principle place of business in Wisconsin. Defendant is licensed to operate in all fifty states and is authorized to transact business in Ohio. CMI insured LBC with "Policy A" from December 2001 to December 2004. CMI insured LBC with "Policy B" from December 2004 to December 2007.

LBC employed Aleshire as an associate pastor. In 2003 and 2004, through his position of authority as an LBC associate pastor, Aleshire committed unlawful sexual acts with Sandra Whitman and Jacquin Clifford when they were minors. As a result of his misconduct, in November 2005, Aleshire was convicted in Ohio of six counts of unlawful sexual conduct with a minor, three counts of sexual imposition, and one count of rape. In August 2012, Plaintiffs obtained a money judgment in the amount of $4.35 million against Aleshire for assault, battery, intentional infliction of emotional distress, false imprisonment, and loss of consortium, all caused by the misconduct for which Aleshire was convicted.

Plaintiffs filed the declaratory judgment action in state court to determine CMI's obligations to Plaintiffs under both policies. CMI removed that action to this Court based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiffs move to remand and object to the Magistrate Judge's R&R recommending that the Court deny their motion.

## II. STANDARD OF REVIEW

When a party objects within the allotted time to an R&R addressing a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Plaintiffs acknowledge that the requirements for diversity jurisdiction are met in this case. Nevertheless, they contend that the Court should decline to exercise jurisdiction over this declaratory judgment action and remand the case to state court. Specifically, Plaintiffs argue that factors established by the Sixth Circuit weigh against the discretionary exercise of federal jurisdiction in favor of state jurisdiction. *See Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (establishing five-factor test).

CMI maintains that the *Grand Trunk* test is inapplicable because there is no pending parallel state court proceeding in this instance. In the alternative, CMI also asserts that all five *Grand Trunk* factors favor adjudication by this Court.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisite." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 221 (1995).

In *Grand Trunk*, the Sixth Circuit established the following factors district courts should weigh to determine whether to exercise discretionary jurisdiction over a declaratory judgment action:

1. whether the declaratory action would settle the controversy;

2. whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3. whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

4. whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

5. whether there is an alternative remedy [that] is better or more effective.

*Grand Trunk*, 746 F.2d at 326. *See also Liberty Mut. Fire Ins. Co. v. Bohms*, 490 F. App'x 721, 725 (6th Cir. 2012).

At the outset, the Court rejects CMI's contention that the *Grand Trunk* factors are inapplicable because there is no parallel action in state court and the

judgment creditors brought the action. Nothing in *Grand Trunk* or its progeny hold that the factors are only applicable when there is a parallel action in state court or an action was initiated by an insurance company. *See Grand Trunk*, 746 F.2d at 326; *Bohms*, 490 F. App'x at 725; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). Rather, a parallel state court action is useful to the analysis of the *Grand Trunk* factors. *See Scottsdale*, 513 F.3d at 560. For these reasons, the *Grand Trunk* factors are controlling in this action.

The Court will proceed to address each factor in turn.

## A. Federal adjudication will settle the controversy.

The first factor requires the Court to consider whether the dispute at issue is an "independent dispute" or if there is a parallel state action. *See Grand Trunk*, 746 F.2d at 326 ("The instant action does not involve an independent dispute because it arises from and affects a pending Illinois lawsuit"). If the dispute is independent, the action will settle the controversy. *See id.* Here, there is no parallel state court action pending to settle the controversy, and the matter may be settled by a decision on the merits by this Court. The first factor therefore weighs in favor of federal adjudication.

## B. Federal adjudication will clarify the legal relations.

As to the second factor, Plaintiffs contend that the state court's familiarity with the case allows that court to better clarify the legal issues in the case. CMI maintains that this action serves a useful purpose in clarifying the legal issue of insurance liability.

A determination of CMI's liability would clarify the legal relations in the present case. Plaintiffs misunderstand this factor when they argue that a state court would be able to better clarify the legal issues of the case. The second *Grand Trunk* factor does not compare state and federal court adjudication. Rather, it asks whether adjudication at the federal level would help to resolve the legal relations between the parties. In this instance it would. The second factor weighs in favor of exercising jurisdiction.

### C. This case does not entail procedural fencing or a race for *res judicata*

Plaintiffs concede that the third factor is not at issue to prevent federal jurisdiction. CMI agrees that there is no procedural fencing or race for *res judicata* issue in this case because there is no ongoing state court case. Thus, the third factor weighs in favor of federal adjudication.

### D. Friction between state and federal courts.

The Magistrate Judge determined that the fourth factor was neutral. Plaintiffs assert that the Magistrate Judge erred in so finding because adjudication in this Court would cause friction between state and federal courts. They assert that the state courts are in a better position to interpret state contract law, and Ohio has a strong interest in regulating insurance and adjudicating disputes over coverage. CMI contends that federal jurisdiction would not cause friction because there are no remaining factual issues, and this case presents no novel issues of Ohio law.

When a state court action with the same parties is pending, a decision on the merits in a parallel federal court action could amount to "gratuitous interference" with the state court's jurisdiction. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 277 (1995). The Court examines three sub-factors to determine whether the exercise of jurisdiction would create friction with state courts:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale*, 513 F.3d at 560.

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Scottsdale*, 513 F.3d at 560. The second sub-factor asks "which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id.* This factor weighs against an exercise of jurisdiction when there are "novel questions of state law." *Id.*; *see also Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007).

In the present case, a civil jury trial resolved the factual issues in the initial state court civil action and resulted in a final judgment for money damages against Aleshire. What remains is an interpretation of insurance policies under

Ohio law. The issues presented in the instant case do not require the Court to determine any unsettled questions of state law. Indeed, the Court routinely applies principles of Ohio law to construe and interpret contracts, including insurance policies, in diversity cases. On the other hand, Ohio and its courts have a significant interest in regulating insurance policies and resolving coverage disputes that affect its citizens. Viewing the subfactors together, the Court finds that the Magistrate Judge correctly determined that the fourth factor is neutral.

### E. No better or more effective alternative remedy.

The Magistrate Judge held that the fifth *Grand Trunk* factor weighed against the Court exercising jurisdiction, reasoning that the Licking County Common Pleas Court presents an available alternative remedy. Plaintiffs do not disagree with that holding but argue that having reached that conclusion, the Magistrate Judge should have recommended remand. In essence, Plaintiffs contend that a single *Grand Trunk* factor weighing against the exercise of jurisdiction requires the Court to remand the action to state court.

Plaintiffs cite no authority for the proposition that a single factor may be dispositive. *Grand Trunk* and progeny consistently indicate that the district court must consider and weigh all five factors together, and none of those decisions suggest that a single factor weighing in favor of declining jurisdiction requires that result. Accordingly, the Court rejects Plaintiffs' argument.

### F. Weighing the factors

The first three factors weigh in favor of exercising jurisdiction. The fourth factor is neutral, and the fifth factor weighs against the exercise of jurisdiction. Taking into consideration all five factors, and mindful that no parallel state court action is pending, the Court on *de novo* review holds that the exercise of jurisdiction over this declaratory judgment action is proper. The Court therefore denies Plaintiffs' motion to remand.

## IV. DISPOSITION

For the above reasons, the Court **OVERRULES** Plaintiffs' objection to the Magistrate Judge's R&R, **ADOPTS** the R&R, and **DENIES** Plaintiffs' Motion to Remand. ECF No. 9.

The Clerk shall remove ECF Nos. 9 and 19 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**