IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACQUIN CLIFFORD, *et al.*,

       Plaintiffs,

  vs.

                                 Civil Action 2:13-cv-853
                                 Judge Watson
                                 Magistrate Judge King

CHURCH MUTUAL INSURANCE COMPANY,

       Defendant.

**OPINION AND ORDER**

     This matter is before the Court on three pending motions: Plaintiffs' *Motion to Compel Production of Documents and Responses to Interrogatories and Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(a)*, ECF 40 ("*Motion to Compel*"); Plaintiffs' *Motion for In Camera Review*, ECF 47 ("*Motion for In Camera Review*"); and *Plaintiffs' Motion to Strike Defendant's "Notice" Filed on July 10, 2014*, ECF 49 ("*Motion to Strike*").

**I.    BACKGROUND**

     On December 12, 2001, defendant Church Mutual Insurance Company ("defendant" or "Church Mutual") issued Policy 063427-21-052620 effective for the period December 12, 2001 through December 12, 2004 ("Policy A") to Licking Baptist Church of Hebron, Ohio. *Complaint*, ECF 4, ¶¶ 26-41;[1] *Exhibit B*, attached thereto. Policy A identified as insureds, *inter alios*, the following:

---

[1] The original document filed in a state court action in the Court of Common Pleas for Licking County that was removed to this Court is captioned

1.    You [Licking Baptist Church] are an insured.

2.    Your clergy and "executive officers" are insureds but only with respect to their duties as such.

3.    Your directors, trustees, officials, elders, deacons, vestry members, council members, and members of your board of education are insureds but only with respect to their duties as such.

    *            *            *            *

5.    Your "employees," other than your "executive officers," are insureds but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.  However, none of these "employees" is an insured for: [bodily injury, personal injury or property damage under certain circumstances].

*Exhibit B*, at PAGEID#:99.

On December 12, 2004, defendant issued Policy 063427-21-434174 for the period December 12, 2004 through December 12, 2007 ("Policy B") (Policy A and Policy B referred to collectively as "the policies") to Licking Baptist Church.  *Complaint*, ¶¶ 42-58; *Exhibit C*, attached thereto.  Policy B provided in part that "any of [Licking Baptist Church's] officers, clergy, or employees are insureds but only with respect to their duties as such." *Exhibit C*, at PAGEID#:247.

Lonnie J. Aleshire, Jr., ("Mr. Aleshire, Jr.") was an associate pastor of Licking Baptist Church in 2003 and 2004.  *Complaint*, ¶ 9. Plaintiffs allege that, during his time as that church's associate pastor, Mr. Aleshire, Jr., perpetrated numerous incidents of sexual misconduct on plaintiffs Sandra Cottrell and Jacquin Clifford.  *Id*. at ¶¶ 13-18.  On November 28, 2005, Mr. Aleshire, Jr., was found guilty

---

*"Supplemental Complaint."*  This Court will refer to that pleading as the *Complaint*.

2

on multiple criminal counts arising from these incidents.  *Id.* at ¶ 20.

Thereafter, in 2007 and in 2010, plaintiffs filed two civil actions in the Court of Common Pleas for Licking County ("the state court") apparently arising out of the criminal conduct of Mr. Aleshire, Jr.  *Id.* at ¶ 1; *Motion to Compel*, p. 8.  Although plaintiffs fail to provide the captions for both state court actions, plaintiffs represent that "the underlying case initially filed in 2007 against Aleshire Jr., as well as Licking Baptist Church, and Mr. Aleshire Sr. among others, turned upon whether Mr. Aleshire Jr. was acting within the scope of his employment" ("the 2007 state court action") and that "Church Mutual insurance covered the defense of Mr. Aleshire Jr., Licking Baptist Church, and Mr. Aleshire Sr."  *Motion to Compel*, p. 8.  *See also* Defendant Church Mutual Insurance Company's Response to Plaintiffs' First Request for Production of Documents, Request No. 6 (referring to Case No. 07CV589), attached as *Exhibit 9* to *Affidavit of Christian A. Preus in Support of Church Mutual's Memorandum Opposing Plaintiffs' Motion to Compel and Motion for Sanctions*, ECF 44 ("*First Preus Affidavit*").  More specifically, defendant apparently secured the services of Al Mokhtari, Esq., to represent Mr. Aleshire, Jr.; James Brudny, Jr., Esq., to represent Licking Baptist Church; and Jeff Benedict, Esq., of Church Mutual to represent Mr. Aleshire, Sr.  *See Exhibit 9*, attached to plaintiffs' *Reply Memorandum in Support of Combined Motion to Compel and Motion for Sanctions*, ECF 46 ("*Reply to Motion to Compel*").

In the state court action filed in 2010, plaintiffs sued Mr. Aleshire, Jr., "both in his individual capacity and as Associate Pastor." *Motion to Compel*, p. 8. *See also Complaint*, ¶ 1; *Exhibit A*, attached thereto (referring to *Jacquin Clifford, et al. v. Lonnie Aleshire, Jr.*, Case No. 10CV933) ("2010 state court action"). *Id.* at ¶ 1. Licking Baptist Church and Mr. Aleshire, Sr., among others, were also named as defendants in the 2010 state court action. *See Clifford v. Licking Baptist Church*, Licking County No. 09CA82, 2010-Ohio-1464 (5th App. Dist. Mar. 26, 2010). In affirming the grant of summary judgment in favor of, *inter alios*, defendants Licking Baptist Church and Mr. Aleshire, Sr., in the 2010 state court action, the Ohio Court of Appeals for the Fifth District, reasoned:

> Assuming arguendo, that Lonny Aleshire, Jr. was an employee and/or servant of Licking Baptist Church, we find that the trial court did not err in granting summary judgment to appellees Licking Baptist Church and Lonny Aleshire, Sr. on the negligent supervision and retention claim. There is no evidence that Lonny Aleshire, Jr.'s criminal intentional self-serving acts facilitated or promoted the business of either appellee Lonny Aleshire, Sr. or appellee Licking Baptist Church. We concur with the trial court that he was not acting within the scope of his employment with the church, if any, when he engaged in sexual acts with minor congregants. There is absolutely no evidence in the record that appellee Licking Baptist Church encouraged or promoted the sexual conduct or that appellee Licking Baptist Church hired Lonny Aleshire, Jr. to rape or sexually molest church members.

*Id.* at ¶ 65.

Following a jury trial in the 2010 state court action as against Mr. Aleshire, Jr., the state court entered final judgment on August 31, 2012 against Mr. Aleshire, Jr., awarding plaintiffs $4.35 million in damages for assault, battery, intentional infliction of emotional distress, false imprisonment, and loss of consortium as well as

4

$51,354.37 in attorney's fees ("the money judgment").  *Complaint*, ¶¶ 1, 21-25, 63, 76, 83; *Exhibit A*, attached thereto (Final Judgment Entry).

The action presently before this Court was originally filed in the Court of Common Pleas for Licking County, *Jacquin Clifford fka Cottrell, et al. v. Church Mutual Insurance Company*, Case No. 13CV0736, seeking a declaratory judgment that the policies issued by defendant cover the injury or loss allegedly caused by Mr. Aleshire, Jr. (and as reflected in the money judgment).  *See Complaint*.  On August 29, 2013, defendant removed the action to this Court as a diversity action.  *Notice of Removal*, ECF 1.  Following a preliminary pretrial conference conducted pursuant to Fed. R. Civ. P. 16(b), the Court issued a scheduling order requiring, *inter alia*, that all discovery be completed no later than June 1, 2014,[2] and that dispositive motions, if any, be filed by September 1, 2014. *Preliminary Pretrial Order*, ECF 16, pp. 2-3.  On June 2, 2014, upon plaintiffs' motion, the deadline for completing discovery was extended to August 1, 2014.  *Opinion and Order*, ECF 42.

Plaintiffs served their first set of interrogatories and requests for production of documents on January 28, 2014.  *Declaration of Chelsea L. Berger*, ¶ 2, attached as *Exhibit 1* to *Motion to Compel* ("*First Berger Declaration*").  On March 3, 2014, defendant responded to plaintiffs' 36 requests for production of documents.  *Id*. at ¶ 3. On about that same date, defendant served its answers to plaintiffs'

---

[2] Because the discovery deadline of June 1, 2014 fell a Sunday, the cut-off became June 2, 2014.  *Preliminary Pretrial Order*, ECF 16, p. 3 ("If any date set herein falls on a weekend or legal holiday, the date of the next business day will control.").

interrogatories. *Id*. at ¶ 6. Plaintiffs were dissatisfied with defendant's discovery responses, but the parties were unable to resolve their dispute. *Id*. at ¶¶ 4-9; *Exhibits 2* and *3*, attached thereto. Plaintiffs served a second set of discovery requests on April 28, 2014. *First Berger Declaration*, ¶ 7; *Exhibit 5*, attached thereto. "Many of these requests are very similar to Plaintiffs' first requests." *Motion to Compel*, p. 4. Again, the parties could not agree on whether defendant should produce additional documents. *First Berger Declaration*, ¶¶ 8-10; *Exhibit 4*, attached thereto.

On May 20, 2014, after conferring with counsel for the parties regarding certain discovery issues, the Court issued the following order:

> Plaintiffs have requested the production of documents relating to the issue of coverage (and in particular whether Lonnie J. Aleshire, Jr., was an insured under the policy), including documents generated in state court litigation against Licking Baptist Church and/or Lonnie J. Aleshire, Sr. Defendant contends that only those documents generated in the state court litigation against Lonnie J. Aleshire, Jr., - which have been produced - are relevant. The Court concludes that the documents requested by plaintiffs fall within the ambit of discoverable information, *see* Fed. R. Civ. P. 26(b)(1), and that defendant has not established that such discovery should be limited under Fed. R. Civ. P. 26(b)(2)(C). Defendant must therefore respond to plaintiffs' requests in this regard. Defendant must produce a privilege log, *see* Fed. R. Civ. P. 26(b)(5), should it conclude that any requested document is properly withheld as privileged or work product.
>
> Plaintiffs have also requested production of the policy issued to Licking Baptist Church for the period immediately prior to the periods at issue in this case, as well as all documents relating to the coverage portion of the policy or policies. Plaintiffs take the position that such documents may assist in the proper construction of any ambiguity in the coverage provisions of the applicable policy or policies. Defendant contends that the discovery requests in this regard either seek irrelevant information or are over-broad. The Court concludes that plaintiffs are

entitled to the production of the policy issued to the
church for the period immediately prior to the period or
periods at issue in this case. Defendant must therefore
produce that policy to plaintiffs. The Court will not
require the production of other documents relating to the
coverage portion of that or any other policy unless
plaintiffs first articulate an area or areas of ambiguity
in the applicable policy or policies.  In this event,
plaintiffs may request the production of documents relevant
to the specific area or areas of claimed ambiguity.

*Order*, ECF 35, pp. 1-2 ("Court's May 20, 2014 *Order*").

On June 2, 2014, plaintiffs served a third request for production
of documents.  *Declaration of Chelsea L. Berger*, ¶ 4 ("*Second Berger
Declaration*"), attached as *Exhibit 1* to *Reply to Motion to Compel*.  On
the same day, plaintiffs filed the *Motion to Compel*, which defendant
later opposed and which is now ripe for resolution.  *See Defendant
Church Mutual Insurance Company's Memorandum Opposing Plaintiffs'
Motion to Compel Production of Documents and Responses to
Interrogatories and Motion for Sanctions Pursuant to Fed. R. Civ. P.
37(b)(2)(A)*, ECF 43 ("*Defendant's Response to Motion to Compel*");
*Reply to Motion to Compel*.

Also on June 2, 2014, defendant served its responses to
plaintiffs' second set of discovery requests, but did not produce any
documents on that date.  *Second Berger Declaration*, ¶ 6; *Exhibit 7*,
attached thereto.  Later, on June 9, 2014, plaintiffs' counsel
received a CD with discovery documents as well as a privilege log.
*Second Berger Declaration*, ¶ 7; *Exhibit 8*, attached thereto.  *See also
First Preus Affidavit*, ¶ 2 (averring that defendant "produced
documents responsive to the Court's [May 20, 2014] order and the
privilege log itself on June 6, 2014.  Part of that production also
included the insurance policy issued by Church Mutual to Licking

7

Baptist Church for the policy period 1998 to 2001"). Plaintiffs'
counsel received a second CD and another privilege log on June 16,
2014. *Second Berger Declaration*, ¶ 8; *Exhibits 5* and *8*, attached
thereto; *First Preus Affidavit*, ¶ 3 (averring that claim file notes
and an accompanying privilege log were produced to plaintiffs on June
12, 2014[3]). In connection with defendant's responses to discovery
requests and privilege logs, plaintiffs seek an order compelling
production of additional documents, *in camera* review of documents
designated as privileged and their fees associated with the filing of
the *Motion to Compel*. Plaintiffs further ask the Court to strike a
filing related to defendant's response to plaintiffs' third set of
discovery requests. *See Motion to Strike*.

## II. *MOTION TO COMPEL* AND *MOTION TO STRIKE*

### A. Standard for *Motion to Compel*

Rule 37 of the Federal Rules of Civil Procedure authorizes a
motion to compel discovery when a party fails to provide proper
response to requests for production of documents under Rule 34. Fed.
R. Civ. Pro. 37(a)(3)(B). The proponent of a motion to compel "bears
the initial burden of proving that the information sought is
relevant." *Guild Assocs. v. Bio-Energy (Wash.) LLC*, No. 2:13-cv-1041,
2014 U.S. Dist. LEXIS 82990, at *37 (S.D. Ohio June 18, 2014).

Rule 26(b) provides that "[p]arties may obtain discovery
regarding any nonprivileged matter that is relevant to any party's

---

[3] Plaintiffs contend that the letter accompanying the second privilege log was
dated June 13, 2014, and that the letter attached to the *Preus Affidavit*,
which is dated June 12, 2014, was not the one sent to plaintiffs. *Reply to
Motion to Compel*, p. 5 n.3 (citing *Second Berger Affidavit*, ¶ 8; *Exhibit 5*
attached thereto).

claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Finally, a party moving to compel discovery must certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Over defendant's opposition, the Court concludes that this requirement has been met. *See generally First Berger Declaration* and *Second Berger Declaration.*

**B. "The information relating to the issue of coverage, including those relating to Licking Baptist Church and Lonnie J. Aleshire, Sr.[,]"** *Motion to Compel*, **pp. 8-10 (Request Nos. 5-8, 11, 13, 18-21, 29, 39-48, 54-55 and Interrogatory Nos. 14, 20-22)[4]**

Plaintiffs first seek to compel response to Request for Production of Documents Nos. 5-8, 11, 13, 18-21, 29, 39-48, and 54-55

---

[4] Plaintiffs' briefing of the *Motion to Compel*, mostly devoid of any quotations from their discovery requests or defendant's responses, is difficult to follow. The *Motion to Compel* seeks several categories of documents that cover dozens of requests for production of documents and interrogatories with limited references as to whether those requests are part of a first, second or third set of discovery served on defendant. *See id.* at 8-12. Plaintiffs at times organize their motion by categories of requested information and at other times organize by the number of each disputed discovery request. *See Motion to Compel*, pp. 8-12. However, the *Reply to Motion to Compel* generally addresses their "first set of discovery requests" and their "second set of discovery requests," *id.* at 7-8, before going on to address "Claims Processing Guidelines" (which were not specifically discussed in the *Motion to Compel*), specific discovery requests by number as well as their third request for production of documents. *Id.* at 13-16. The record is further complicated by overlapping - and new - arguments raised in the briefing of the *Motion for In Camera Review*. The Court will therefore attempt to address each category identified in the *Motion to Compel*.

as well as to Interrogatory Nos. 14 and 20-22, which apparently "pertain to the facts listed in the Plaintiffs' Complaint as well as the claims and facts listed in the underlying [state court] cases, such as documents relating to an evaluation, investigation, or risk analysis of such facts and claims." *Motion to Compel*, p. 8. Although plaintiffs list multiple discovery requests under this general category in the *Motion to Compel*, their argument focuses on why information relating to defendant's purported evaluation, investigation, or risk analysis should be produced. *See id*. In their reply brief, plaintiffs offer for the first time additional substantive arguments as to why defendant's responses and answers to Request Nos. 20-21, 55 and Interrogatory Nos. 14, 20-21 (which seek information beyond that related to an investigation) are deficient. *Reply to Motion to Compel*, pp. 13-15. However, this Court may properly disregard arguments raised for the first time in a reply brief. *Cf. Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). *See also Guild Assocs. v. Bio-Energy (Wash.) LLC*, No. 2:13-cv-1041, 2014 U.S. Dist. LEXIS 82990, at *32 (S.D. Ohio June 18, 2014) (denying motion to compel to the extent that it raised new arguments in the reply brief); *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) (explaining that a reply brief is not the proper place to raise issues for the first time and that "the Court need not and will not consider [a party's] new or newly recast arguments"); *Harris v. Advance Am. Cash Advance Ctrs.*, 288 F.R.D. 170, 176 (S.D. Ohio 2012) (denying motion to compel to the extent the movant raises new issues for the first time in the reply

brief). Accordingly, the Court will disregard any substantive arguments raised for the first time in the reply brief when considering the parties' arguments as to Request for Production of Documents Nos. 5-8, 11, 13, 18-21, 29, 39-48, and 54-55 as well as Interrogatory Nos. 14 and 20-22.

Turning to the arguments in the *Motion to Compel*, plaintiffs first represent that Request Nos. 5, 29, 39-48, and 54-55, and Interrogatory Nos. 14 and 20-22 "request information that is reasonably likely to lead to the discovery of admissible evidence pertaining to the investigation and/or evaluation of the claims and whether or not Aleshire, Jr. is an insured[.]" *Id.* at 9-10. According to plaintiffs, "[t]here is evidence already produced that the defense of all three [Mr. Aleshire, Jr., Mr. Aleshire, Sr., and Licking Baptist Church] were intertwined from the very beginning" and that

> it is not a far leap that when evaluating the claims
> against Aleshire Sr. and Licking Baptist Church, Church
> Mutual reviewed information relevant to this case, since a
> crucial part of Mr. Aleshire Jr. being an insured, is not
> only whether he was acting in the scope of his employment,
> but also whether the acts occurred while he was performing
> duties relating to the conduct of Licking Baptist Church.

*Id.* Plaintiffs therefore contend that "if Church Mutual did an evaluation, investigation, or risk analysis of the facts and claims as they pertain to Licking Baptist Church or Mr. Aleshire Sr. in 07cv589 and/or corresponded with Licking Baptist Church or Aleshire Sr. regarding the claims/facts," then this information is relevant. *Id.* at 8-9. Plaintiffs further argue that "the information reviewed

during a claim investigation, evaluation, or processing is not privileged." *Id.* at 9.

In response, defendant first contends that the Court should deny the *Motion to Compel* because it fails to comply with this Court's Local Rules. *Defendant's Response to Motion to Compel*, pp. 10-11. Specifically, defendant argues that, although plaintiffs refer to various document requests and interrogatories, their motion does not quote any specific responses or answers and do not attach defendant's responses or answers as exhibits in contravention of S.D. Ohio Civ. R. 37.2, which requires parties to identify specific portions of discovery documents reasonably necessary to resolve a motion. *Id.* Defendant represents that it responded to each request for production of documents and interrogatory and that, because plaintiffs have failed to identify how those responses are deficient, "it is unclear on what grounds plaintiffs claim a motion to compel is warranted." *Id.* Defendant next represents that it did not conduct any "'evaluation, investigation, or risk analysis' of any facts or claims related to Licking Baptist Church, Aleshire, Sr., or Aleshire, Jr. There are no responsive documents and plaintiffs have known this for months." *Id.* at 11-12. *See also id.* at 6-7 (representing that it "repeatedly" advised plaintiffs that "Church Mutual did not conduct an independent investigation, evaluation, or analysis regarding insurance coverage") (citing *First Preus Affidavit*, ¶ 4; *Exhibit 3*, p. 2 (letter dated June 20, 2014 from defense counsel to counsel for plaintiffs), attached thereto). As to plaintiffs' assertion that Request Nos. 6-8, 11, 13, and 18-21 relate to the Court's May 20, 2014 *Order* and that

defendant violated that *Order*, defendant contends that it produced "another 22 additional documents from the claim file for Licking Baptist Church/Aleshire, Sr., the 1998-2001 policy, and Church Mutual's claim notes" and two detailed privilege logs on June 6 and 12, 2014 in compliance with the Court's May 20, 2014 *Order*. *Id*. at 12-13 (citing *First Preus Declaration*, ¶¶ 2-4). To the extent that plaintiffs ask that defendant supplement its responses to plaintiffs' first set of requests for production, defendant represents that supplementation is unnecessary because such requests "all seek documents that do not exist — such as those involving 'investigation, evaluation, or processing' of the underlying lawsuits and claims and reports or memorandums that were never created." *Id*. at 13 (citing *First Preus Declaration*, ¶ 8, which refers to *Exhibit 2*, letter from defense counsel dated April 4, 2014, addressing alleged deficiencies in multiple discovery requests and representing, *inter alia*, that "there are no additional documents").

Plaintiffs insist that defendant's representation in this regard "is still unsettling given Defendant's misunderstanding of what must be produced under the Federal Rules, and given Defendant's contradictory statements" in *Defendant's Response to Motion to Compel*. *Reply in Support of Motion to Compel*, pp. 3-4.

As an initial matter, the Court agrees that plaintiffs have failed to comply with the requirement that "specific portions of the discovery documents reasonably necessary to a resolution of the motion shall be included as an attachment." S.D. Ohio Civ. R. 37.2. Plaintiffs have moved to compel response to more than three dozen

13

discovery requests but do not attach defendant's allegedly deficient responses to these disputed requests. Plaintiffs argue that their failure to attach the responses is justified because, *inter alia*, their deficiency letter to defense counsel "was a necessary and more useful attachment, as Plaintiffs had amended certain requests based on correspondence with opposing counsel in an attempt to resolve discovery issues." *Reply to Motion to Compel*, p. 7. Plaintiffs, however, have not otherwise identified which "certain requests" of the many document requests and interrogatories at issue have been amended or in what respect they may have been amended. Instead, plaintiffs apparently expect this Court to accept as true their assertion that defendant's response to the disputed discovery requests was inadequate and/or to otherwise sift through the parties' correspondence to compare discussion of Request Nos. 5-8, 11, 13, 18-21, 29, 39-48, and 54-55 as well as Interrogatory Nos. 14 and 20-22, with the responses and answers attached as exhibits by defendant. This Court will not undertake to cobble together information sufficient to resolve a party's motion when the moving party is unwilling to do so. *Cf. Emerson v. Novartis Pharms. Corp.*, No. 09-6273, 446 F. App'x 733, at *736 (6th Cir. Aug. 23, 2011).

In any event, plaintiffs concede that defendant has advised them, and defendant has represented to this Court, that it conducted no investigation. *See*, *e.g.*, *Defendant's Response to Motion to Compel*, pp. 3, 8, 11-12, 16; *Exhibits 2*, *3*, *5*, attached to *First Preus Affidavit*. Although plaintiffs refuse to trust defense counsel's representations to that effect, the record reflects no reason to doubt

14

defense counsel's professional representation that there was no "'evaluation, investigation, or risk analysis' of any facts or claims related to Licking Baptist Church, Aleshire, Sr., or Aleshire, Jr. There are no responsive documents[.]" *Defendant's Response to Motion to Compel*, pp. 11-12.  The Court cannot compel the production of that which does not exist.  To the extent that plaintiffs seek to compel response or supplemental response to Request Nos. 5-8, 11, 13, 18-21, 29, 39-48, and 54-55 as well as supplemental answers to Interrogatory Nos. 14 and 20-22, the *Motion to Compel* is therefore **DENIED**.[5]

> **C.** **"The Policy issued to Licking Baptist Church for the period immediately prior to the periods at issue in this case[,]"** ***Motion to Compel*, p. 10 (Request No. 17)**

Plaintiffs next seek an order compelling documents responsive to Request No. 17, which they represent requests production of "the policy" issued for the period immediately prior to the periods at issue in this case.  *Motion to Compel*, p. 10.  After plaintiffs filed the *Motion to Compel*, defendant produced this policy on June 6, 2014. *First Preus Declaration*, ¶ 2 (averring, *inter alia*, that defendant produced the insurance policy issued by defendant to Licking Baptist Church for the policy period from 1998 to 2001).  The *Reply to Motion to Compel* does not appear to address this request.  It therefore appears that any dispute regarding this request has been resolved. Accordingly, to the extent that plaintiffs seek production of the policy issued to Licking Baptist Church prior to 2001 as articulated in Request No. 17, the *Motion to Compel* is **DENIED as moot.**

---

[5] To the extent that plaintiffs seek sanctions related to these and other discovery requests, that issue will be addressed *infra*.

**D. Information related to defendant's decision to pay for the legal defense of Mr. Aleshire, Jr.,** *Motion to Compel*, **pp. 10-11 (Interrogatory Nos. 17-19 and 23-24 and Request No. 56)**

Plaintiffs represent that, "[i]n the first discovery conference with this Court, this Court indicated that Plaintiffs' Interrogatory 11 in their first set of Interrogatories requesting 'the reason(s) why Defendant assisted Aleshire Jr. in his legal defense by paying for his legal expense.' [sic] was a proper interrogatory." *Motion to Compel*, pp. 10-11. Plaintiffs characterize Interrogatory Nos. 17-19 and 23-24 as well as Request No. 56, as follow-up questions on this issue. *Id.* at 11. Defendant represents, *inter alia*, that there are no documents responsive to these requests; defendant also asserts that an earlier deposition addressed the reason for its decision to fund Mr. Aleshire, Jr.'s legal defense, *i.e.*, to benefit its policyholder, Licking Baptist Church. *Defendant's Response to Motion to Compel*, pp. 14-15 (citing to *Exhibits 1* (deposition of John Brandon, pp. 33-35, 42-43, taken on May 15, 2014), 7 (defendant's answers to plaintiffs' first set of interrogatories), *8* (defendant's answers to plaintiffs' second set of interrogatories), attached to *First Preus Declaration*). The *Reply to Motion to Compel* does not appear to address this issue. It therefore appears that the dispute regarding these discovery requests has been resolved. Accordingly, to the extent that plaintiffs seek response or supplemental response to Interrogatory Nos. 17-19 and 23-24 as well as Request No. 56, the *Motion to Compel* is **DENIED as moot**.

  **E. Documents "relevant to how Aleshire Jr. falls under the section of 'Who is an Insured' in the relevant insurance policies,"** *Motion to Compel*, **p. 11 (Request Nos. 49-53)**

In Request Nos. 49-53, plaintiffs seek documents regarding the various categories of persons or entities included in "the section of 'Who is an Insured' in the relevant insurance policies." *Motion to Compel*, p. 11. Defendant represents that it has previously responded to these requests and that there are no other nonprivileged and responsive documents to be produced. *Defendant's Response to Motion to Compel*, p. 15 (citing *Defendant's Response to Plaintiffs' Second Request for Production of Documents*, ECF 41-5, PAGEID#:559-PAGEID#:562). Plaintiffs do not address this issue in their *Reply to Motion to Compel*. Nothing in the record persuades this Court to doubt defense counsel's professional representation. As it relates to Request Nos. 49-53, the *Motion to Compel* is **DENIED**.

  **F. Documents relating to "the lawsuits against Aleshire Jr.,"** *Motion to Compel*, **pp. 11-12 (Request No. 57)**

Plaintiffs' Document Request No. 57 seeks the production of "documents that are not already in Plaintiffs' possession or already produced by either party relating to the lawsuits against Aleshire Jr., such as pleadings, transcripts, discovery documents, motions, briefs, exhibits, judgments, and trial documents etc." *Motion to Compel*, p. 12 (citing *Exhibit 5*, attached thereto).[6] Plaintiffs contend that that "there are a few responsive documents that Plaintiffs do not have in their possession, for example trial and deposition transcripts that are costly and unduly burdensome to obtain, yet are relevant and

---

[6] *Exhibit 5* is a copy of plaintiffs' second request for production of documents; it does not contain defendant's responses to these requests.

subject to production if they are in Defendant's possession." *Id.* at
14. Plaintiffs ask that defendant produce any such documents in its
possession.

Defendant responded to this document request in pertinent part as
follows:

> . . . Defendant has already produced a complete copy of its
> claim filed regarding Plaintiffs' claims against Lonnie
> Aleshire, Jr., except for pleadings and other court
> filings, which Plaintiffs have stated need not be produced.

*Defendant's Response to Plaintiffs' Second Request for Production of
Documents*, ECF 41-5, PAGEID#:564. Defendant does not expressly address
the request for production of deposition and trial transcripts. It
appears, however, that defendant did not understand that plaintiffs
continue to seek the production of such transcripts. *See Exhibit 5* to
*Reply to Motion to Compel*, ECF 46-5, PAGEID#: 797 ("[I]t is our
understanding . . . that the plaintiffs are not asking for copies of
pleadings and other court filings regarding the underlying lawsuits .
. . .").

If defendant is in possession of deposition and trial transcripts
generated in the underlying lawsuits, defendant must produce such
documents within ten (10) days. To that extent, the *Motion to Compel*
is **GRANTED.**

### G. Plaintiffs' Third Request for Production of Documents, *Reply to Motion to Compel*, p. 15 (Request Nos. 58-68), and *Motion to Strike*

Plaintiffs argue for the first time in their reply brief that
defendant's responses to their third request for production of
documents contain improper objections and are generally deficient.
*Reply to Motion to Compel*, p. 15. By way of background, defendant

18

attached several exhibits, including its response to plaintiffs' third request for production of documents, to its response to the *Motion to Compel. See Exhibit 10*, attached to *First Preus Affidavit.* Defendant thereafter filed a "Notice," ECF 48, which is represented to be a "corrected" version of *Exhibit 10*. In their *Motion to Strike,* plaintiffs argue that the proffered exhibit is not a true and accurate copy of *Exhibit 10. Motion to Strike. See also Exhibit 2*, attached to *Reply to Motion to Compel* (document characterized by plaintiffs as the accurate version of defendant's response to their third request for production of documents).

Plaintiffs recognize that the *Motion to Compel* did not address defendant's responses to their third request for production of documents but they contend, *inter alia*, that defendant has placed their responses at issue and that defendant's various versions of their discovery responses establish that defendant is not engaging in discovery in good faith. *Reply in Support of Motion to Strike*, ECF 56, p. 2.

The merits of defendant's responses to the third request for production of documents are not properly before this Court. The *Motion to Compel* did not identify these responses as defective and *Defendant's Response to Motion to Compel* did not address the sufficiency of these responses. This Court will not entertain arguments raised for the first time in a reply brief. *See*, *e.g.*, *Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio

2012); *Harris v. Advance Am. Cash Advance Ctrs.*, 288 F.R.D. 170, 176 (S.D. Ohio 2012).[7]

To the extent that plaintiffs seek to compel responses to their third request for production of documents, the *Motion to Compel* is **DENIED**. The *Motion to Strike* is **DENIED as moot**.

## H. Sanctions

Both plaintiffs and defendant seek sanctions under Rule 37 in connection with the filing and briefing of the *Motion to Compel*. First, plaintiffs argue that monetary sanctions are appropriate under Rule 37(b)(2)(A), which authorizes sanctions when a party fails "to obey an order to provide or permit discovery." By this authority, a court may issue such orders as are just. Rule 37(b)(2)(A)(i)-(vii). Plaintiffs also seek sanctions under Rule 37(b)(2)(C), which requires a court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with an order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." A court has wide discretion in determining an appropriate sanction under Rule 37. *See*, *e.g.*, *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642-43 (1976); *Cornette v. Rousselle Corp.*, 647 F.2d 164, 164 (6th Cir. 1981).

Plaintiffs first argue that sanctions are warranted because defendant failed to respond to discovery requests "relating to the

---

[7] The Court recognizes that the dispute addressed for the first time in plaintiffs' reply brief arose only after the *Motion to Compel* was filed. The proper course of action to be followed, if extrajudicial means of resolving the dispute are unsuccessful, is to file a separate motion.

issue of coverage" and failed to produce a privilege log and the policy issued to Licking Baptist Church for the period immediately prior to the periods at issue in this case (Request No. 17), in violation of the Court's May 20, 2014 *Order*. *Motion for Sanctions*, pp. 9-10. Defendant denies that it violated the Court's *Order*, pointing out that it produced 22 additional documents from the claim file for Licking Baptist Church or Mr. Aleshire, Sr., the 1998-2001 policy and defendant's claims notes. *Defendant's Response to Motion to Compel*, pp. 12-13 (citing *First Preus Declaration*, ¶¶ 2-4). Defendant also produced two separate privilege logs, totaling more than 50 pages. *Id*. Defendant contends that these productions were made on June 6 and 12, 2014 and "took a significant amount of time and were completed as promptly as possible." *Id*. Although the *Motion to Compel* anticipated the production of responsive documents, defendant complains that plaintiffs "never waited for Church Mutual's responses to their second set of requests for production, and did not wait for Church Mutual's production in response to the Court's May 20, 2014 order." *Id*. at 13, 17.

In reply, plaintiffs insist that defendant's production failed to comply with the Court's May 20, 2014 *Order* because it was made after the discovery deadline of June 1, 2014.[8] *Reply to Motion to Compel*, p. 5. Plaintiffs did not withdraw the *Motion to Compel* after defendant's production, they explain, because they needed time to review the sufficiency of the production. *Id*. Finally, plaintiffs complain that

---

[8] On June 11, 2014, the Court extended the discovery completion deadline to August 1, 2014. *Opinion and Order*, ECF 42.

defendant's lack of professionalism and refusal to cooperate in discovery has worked to their prejudice. *Id*. at 4-6.

After carefully reviewing the record and the arguments of the parties, this Court concludes that an award of sanctions against defendant is unwarranted. Except as it relates to the request for the production of deposition and trial transcripts, *see supra*, the Court has denied the *Motion to Compel* and, although some of defendant's responses were made after the original discovery completion date of June 2, 2014, the production was made reasonably promptly after the Court's May 20, 2014 *Order*, which did not specify a different deadline for the production. Plaintiffs' request for sanctions is therefore not well-taken.

Defendant also seeks an award of sanctions under Rule 37(a)(5)(B). When a discovery motion is denied, "the court may . . . require the movant to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, Rule 37 also cautions that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. "A motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Defendant argues that the *Motion to Compel* was not substantially justified because plaintiffs filed the motion before

22

giving defendant a reasonable time to comply with the Court's May 20, 2014 *Order,* refused to withdraw the motion even after defendant advised plaintiff that the requested documents had already been produced or did not exist, and failed to clearly identify the disputed discovery responses or attach defendant's responses to the *Motion to Compel*. *Defendant's Response to Motion to Compel*, pp. 18-19.

This Court concludes that the *Motion to Compel* was substantially justified notwithstanding the denial of most of the motion. The filing of the motion reflected plaintiffs' apparent attempt to comply with the *Preliminary Pretrial Order*, ECF 16, p. 2 ("Discovery-related motions must be filed prior to the discovery completion date."). Moreover, and although plaintiffs' failure to provide defendant's actual discovery responses unnecessarily complicated the resolution of the *Motion to Compel*, that failure was not so egregious as to warrant an award of sanctions. Accordingly, defendant's request for sanctions is not well-taken.

### III. *MOTION FOR IN CAMERA REVIEW*

As noted *supra*, defendant has already produced to plaintiffs the entire claims file related to Mr. Aleshire, Jr. The Court's May 20, 2014 *Order* required the production of "documents related to the issue of coverage (and in particular whether Lonnie J. Aleshire, Jr., was an insured under that policy), including documents generated in state court litigation against Licking Baptist Church and/or Lonnie J. Aleshire, Sr." *Id*. at 1. Defendant produced certain documents pursuant to that order, as well as two privilege logs, *Exhibit 8*, PAGEID#:802- PAGEID#:847 ("First Privilege Log"), PAGEID#:848-

PAGEID#:855 ("Supplemental Privilege Log"), attached to *Plaintiffs'*
*Reply to Motion to Compel*. Defendant invokes the protection of the
attorney client privilege the work product doctrine for each document
listed in the privilege logs. *See generally id.* Plaintiffs now move
for an order requiring defendant to produce unredacted documents
identified in defendant's privilege logs to the Court for an *in camera*
review. Defendant opposes the *Motion for In Camera Review*, *Defendant*
*Church Mutual Insurance Company's Memorandum in Opposition to*
*Plaintiffs' Motion for In Camera Review*, ECF 51 ("*Defendant's*
*Opposition to Motion for In Camera Review*"), and plaintiffs' *Reply*
*Memorandum in Support of Motion for In Camera Review*, ECF 57 ("*Reply*
*to Motion for In Camera Review*"), has been filed.

**A.   Standard**

"Before the movant is entitled to an *in camera* inspection of
documents, he must show a reasonable probability that they contain
relevant evidence." *Ridenour v. Collins*, 692 F. Supp. 2d 827, 831
(S.D. Ohio 2010). In addition, plaintiffs, as movants, "must make a
factual showing adequate to support a good faith belief that the
review will uncover unprivileged documents." *Konica Minolta Bus.*
*Solutions, USA, Inc. v. Allied Office Prods., Inc.*, No. 2:06-cv-71,
2010 U.S. Dist. LEXIS 50151, at *7 (S.D. Ohio Apr. 29, 2010).
"Groundless fishing expeditions should not be permitted." *Williams v.*
*Duke Energy Corp.*, No. 1:08-cv-00046, 2014 U.S. Dist. LEXIS 109835, at
*19 (S.D. Ohio Aug. 8, 2014) (citing *United States v. Zolin*, 491 U.S.
554, 571 (1989)).

**B.    Discussion**

The parties disagree whether the withheld documents are relevant. Plaintiffs hope to discover in defendant's files relating to Licking Baptist Church and Mr. Aleshire, Sr., documents addressing the issue of coverage of Mr. Aleshire, Jr., as an insured under the policies. *Motion for In Camera Review*, pp. 6-8.  Plaintiffs also argue that this Court determined that the withheld information is relevant when it ordered defendant to produce additional information on May 20, 2014. *Id*. at 2-3; *Reply to Motion for In Camera Review*, p. 2 (citing the Court's May 20, 2014 *Order*).  Characterizing the coverage issues as "not necessarily clear and straightforward," plaintiffs argue that the withheld documents "could contain facts that the Plaintiffs do not already have that can be used in applying the policies to determine coverage." *Reply to Motion for In Camera Review*, pp. 2-3.  Defendant disagrees, contending that neither it nor coverage counsel performed any investigation. *Defendant's Opposition to Motion for In Camera Review*, pp. 2, 13.  Defendant further argues that, other than "four such documents" (documents authored by Attorney John Brandon and sent to coverage counsel), the withheld information is unrelated to and irrelevant to the insurance coverage issue in this case. *Id*. at 5-7, 12-13, n.2 (citing *Exhibit 5*, PAGEID#:796, attached to *Reply to Motion to Compel*).

After carefully considering the record and the arguments of counsel, the Court concludes that plaintiffs have failed to establish the relevance of most of the withheld documents. First, as discussed *supra* in relation to the *Motion to Compel*, this Court has no reason to

25

doubt defense counsel's professional representation that no
investigation was conducted.  Therefore, to the extent that plaintiffs
argue that the withheld documents are relevant because they might
contain information regarding an investigation, that argument is not
well-taken.

Next, this Court disagrees that the Court's May 20, 2014 *Order*
definitively determined that every document to be produced pursuant to
that *Order* is relevant to the issue of coverage.  Defendant was
ordered to produce certain documents requested by plaintiffs, namely,
"documents relating to the issue of coverage (and in particular
whether Lonnie J. Aleshire, Jr., was an insured under the policy),
including documents generated in state court litigation against
Licking Baptist Church and/or Lonnie J. Aleshire, Sr."  Court's May
20, 2014 *Order*, p. 1.  Defendant thereafter produced, *inter alia*, 22
additional documents from the claim file for Licking Baptist
Church/Aleshire, Sr., Church Mutual's claim notes and two privilege
logs.  *See*, *e.g.*, *First Preus Declaration*, ¶¶ 2-4.  In a letter dated
June 13, 2014, defendant advised that the defense of Licking Baptist
Church, Mr. Aleshire, Sr., and Mr. Aleshire, Jr., did not consider
insurance coverage issues and, therefore, the redacted notes and
communications were unrelated to coverage:

> Church Mutual handled insurance coverage issues separately,
> through separate claim handlers and separate coverage
> counsel.  In this regard, you have deposed John Brandon,
> who was the coverage handler.  Because defense counsel for
> Licking Baptist Church and Lonnie Aleshire, Sr. did not
> handle any insurance coverage matters, none of the notes
> and communications that have been redacted relate to
> matters of insurance coverage. . . . That is also the case
> with respect to Mr. Mokhtari's representation of Lonnie
> Aleshire, Jr.  He did not handle any matters of insurance

26

coverage, as reflected in his communications that have been produced.

Church Mutual has now produced the entire claim file regarding plaintiffs' claims in the underlying lawsuits against Lonnie Aleshire, Jr. and Church Mutual's entire claim file, including claim notes, regarding plaintiff's claims against Licking Baptist Church and Lonnie Aleshire, Sr., except reda[c]ted information that is subject to the attorney-client privilege and attorney work product. . . .

As we have previously advised, and as Mr. Brandon testified, Church Mutual did not conduct any independent investigation regarding insurance coverage issues relating to Lonnie Aleshire, Jr.  As Mr. Brandon explained, the coverage determination was made based upon an analysis of the allegations in the complaints against Lonnie Aleshire, Jr. and the insurance policy. . . . Accordingly, there are no other documents in existence that relate to issues of coverage relating to plaintiffs' claims and plaintiffs' judgment against Lonnie Aleshire, Jr.

*Exhibit 5*, PAGEID#:796- PAGEID#:797 (noting further that Mr. Brandon's entries in the claim notes have been redacted "for matters covered by the attorney-client privilege and work product"), attached to *Reply to Motion to Compel*.  *See also Defendant's Response to Motion to Compel*, pp. 6-7, 11-12 (representing that Church Mutual conducted no investigation, evaluation or analysis regarding insurance coverage). In short, defendant represents that only four of the withheld documents, which are documents authored by Mr. Brandon, Church Mutual's coverage claim handler, and sent to coverage counsel, relate to coverage.  *Defendant's Opposition to Motion for In Camera Review*, p. 13 n.2; *Exhibit 5*, PAGEID#:796, attached to *Reply to Motion to Compel*.  Plaintiff has offered no reason to doubt defense counsel's professional representation in this regard.  Accordingly, other than

the documents authored by Mr. Brandon,[9] plaintiff has failed to establish the relevance of the documents reflected on the privilege logs.

Defendant described the four withheld documents authored by Mr. Brandon as "Communications with coverage counsel, Christian Preus," and withheld those documents as protected by the attorney client privilege and the work product doctrine. *Supplemental Privilege Log*, PAGEID#:854- PAGEID#:855. The parties agree that Ohio law governs the substantive issue of privilege, *see* Fed. R. Evid. 501, and that federal law, *see* Fed. R. Civ. 26(b)(3), governs the procedural issue of work product. *See*, *e.g.*, *Motion for In Camera Review*, pp. 4-6; *Defendant's Opposition to Motion for In Camera Review*, pp. 11-13. *See also In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) ("In a diversity case, the Court applies federal law resolve work product claims and state law to resolve attorney-client claims.").

"'In Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law.'" *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 541 (2009) (quoting *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 264 (2005)). Section 2317.02(A) is simply a testimonial privilege that prevents an attorney from testifying about confidential

---

[9] Although neither party has cited to the relevant portion of either of the privilege logs reflecting these documents, the Court notes that the *Supplemental Privilege Log* presumably reflects these four documents, which are Bates-stamped CMIC000908, CMIC000909, CMIC000911 and CMIC000913, authored by Mr. Brandon. *See Supplemental Privilege Log*, PAGEID#:854-PAGEID#:855.

communications.  *Id*.  "The common-law attorney-client privilege,
however, 'reaches far beyond a proscription against testimonial
speech.  The privilege protects against any dissemination of
information obtained in the confidential relationship.'"  *Id*. (quoting
*Ohio Hous. Fin. Agency*, 105 Ohio St.3d at 266.  *See also State ex.
rel. Dawson v. Bloom-Carroll Local Sch. Dist.*, 131 Ohio St. 3d 10, 15
(2011) (same).

The parties seem to agree that communications between an
insurance company and outside counsel retained to provide legal advice
regarding coverage, rather than to perform routine claims adjustment,
enjoy the protection offered by the attorney-client privilege. *See,
e.g., Motion for In Camera Review,* p. 4 ("Plaintiffs believe that
there is evidence sufficient to support a reasonable belief that in
camera review may yield documents and information that are not
actually privileged."). In moving for *in camera* review, however,
plaintiffs argue that it is "impossible to tell if the communications
between the claims handler and coverage counsel were solely for the
purpose of obtaining legal advice regarding coverage, rather than to
perform routine claims functions." *Id*. at 6. As noted *supra*, and
plaintiffs' suspicions notwithstanding, plaintiffs have offered no
reason to doubt defense counsel's professional representation that
there was no independent investigation of the issue of insurance
coverage. Under these circumstances, the Court declines to order an *in
camera* review of these documents.

**WHEREUPON,** Plaintiffs' *Motion to Compel Production of Documents and Responses to Interrogatories and Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(a)*, ECF 40, is **GRANTED** in part. Defendant is **ORDERED** to produce, within ten (10) days, any deposition or trial transcripts generated in the underlying litigation that defendant holds in its possession or control. In all other respects, the motion is **DENIED.** Plaintiffs' request for sanctions is **DENIED.** Defendant's request for sanctions pursuant to Rule 37(a)(5)(B), *see Defendant Church Mutual Insurance Company's Memorandum Opposing Plaintiffs' Motion to Compel Production of Documents and Responses to Interrogatories and Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)*, ECF 43, pp. 17-19, is likewise **DENIED.** *Plaintiffs' Motion for In Camera Review*, ECF 47, is **DENIED.** Plaintiff's *Motion to Strike Defendant's "Notice" Filed on July 10, 2014*, ECF 49, is **DENIED.**

October 21, 2014                    *s/Norah McCann King*
                                    Norah M$^c$Cann King
                                    United States Magistrate Judge